UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY W. GREEN,                      Case No. 16-cv-502-pp

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

---

### ORDER REQUIRING GOVERNMENT TO RESPOND TO PETITION BY A DATE CERTAIN (DKT. NO. 1)

---

On April 25, 2016, the petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Dkt. No. 1. In the motion, he indicated that he was sentenced as a career offender under U.S.S.G. §4B1.1, that one of his two predicate convictions fell under the residual clause of that guideline section, and that under Johnson v. United States, 135 S. Ct. 2551 (2015), that conviction cannot form the predicate for a career offender enhancement. Id.

On May 3, 2016, the Federal Defender indicated that it did not plan to file anything on the petitioner's behalf. Dkt. No. 2. On May 3, 2016, Judge Randa (then assigned to the case) issued an order, staying the petition until the Seventh Circuit Court of Appeals could issue its decisions in United States v. Hurlburt/Gillespie, 835 F.3d 715 (7th Cir. 2016) and United States v. Rollins, 836 F.3d 737 (7th Cir. 2016). Dkt. No. 2. The Seventh Circuit since has decided those cases (finding that the career offender residual clause was

1

unconstitutionally vague). The Supreme Court now has accepted *certiorari* on the issue of whether the Johnson decision applies retroactively to collateral attacks such as the one the petitioner brings. Beckles v. United States, 136 F. Ct. 2510 (June 27, 2016).

On September 16, 2011, Judge Randa sentenced the defendant to serve 120 months in custody. United States v. Green, 11-cr-47-RTR, Dkt. No. 97. (This appears to have been a below-guidelines sentence; his attorney's sentencing memorandum indicates that the petitioner's guideline range was 151-188 months. Dkt. No. 78.) The petitioner appealed, dkt. no. 98, but then asked to dismiss the appeal; the Seventh Circuit granted that request. Dkt. No. 247.

Four years later, on September 11, 2015, the petitioner filed a motion to reduce his sentence pursuant to Amendment 782 of the Sentencing Guidelines. Dkt. No. 299. Judge Randa denied that motion, for the very reason that the defendant's sentence had been enhanced because he was a career offender. Dkt. No. 306.

It appears, from the court's review of the criminal docket, that the petitioner was taken into custody sometime in February 2011. Dkt. Nos. 7, 9. If that is the case, it appears that he has served somewhere in the neighborhood of five years and ten months of his ten-year sentence. The presentence investigation report is not on the criminal docket, so the court cannot review it to determine the nature of the predicate convictions that caused Judge Randa to sentence the defendant as a career offender. The court also cannot

determine, without seeing the presentence report, what difference it would make in the petitioner's sentence if he were to prevail on the claim he raises in his petition, and whether prevailing would put him close to, or even past, his release date.

The court **ORDERS** that, no later than the end of the day on **January 31, 2017**, the government shall file a response to the petition, indicating whether it opposes the relief suggested, or whether it requests more time to investigate the circumstances surrounding the petitioner's designation as a career offender. The court also **ORDERS** that the government shall indicate in its filing what the petitioner's guideline range would have been had he not been classified as a career offender.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge