UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY W. GREEN,          Case No. 16-cv-502-pp

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.

---

**ORDER GRANTING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255 (DKT. NO. 1), AND REDUCING SENTENCE IN <u>UNITED STATES V. GREEN</u>, CASE NO. 11-CR-47 TO TIME SERVED**

---

On April 12, 2011, a grand jury returned a superseding indictment, charging defendant Larry Green and others with conspiracy to possess with intent to distribute heroin, as well as with substantive counts of possession of heroin with intent to distribute. <u>United States v. Green,</u> *et al.*, Case No. 11-cr-47, Dkt. No. 14. Previously, on February 25, 2011, Magistrate Judge Patricia J. Gorence had ordered defendant Green detained pending trial. Dkt. Nos. 7, 9.

Defendant Green signed a plea agreement on May 5, 2011, in which he agreed to plead guilty to one substantive count of possession of heroin with intent to distribute. Dkt. No. 12. The plea agreement provided that the base offense level under the Sentencing Guidelines would be 22 (pursuant to U.S.S.G. §2D1.1(c)(9), and that the government would recommend a three-level reduction in that offense level for acceptance of responsibility. <u>Id.</u> at 12. The

agreement left both parties free to make any recommendation they wished with regard to the sentence. Id. at 13.

Judge Clevert imposed sentence on September 16, 2011. Dkt. No. 90. While the presentence investigation report recommended a base offense level of 22 based on the defendant's relevant offense conduct involving 40 and 60 grams of heroin, the parties stipulated at sentencing that the actual amount the government could prove without calling informants as witnesses was 50 grams. Dkt. No. 90 at 1. The court also sustained the defendant's objection to the presentence writer's recommendation in paragraph 37 of the presentence report that the court enhance the defendant's criminal history level by two under §4A1.1(d); because the court couldn't tell when the defendant had begun his drug dealing, it could not conclude that he'd been on some sort of supervision when he committed the offense of conviction. These findings resulted in the defendant's adjusted offense level being 17, and his criminal history category being V, with a sentencing range, under the 2010 Guidelines manual, of 46-57 months.

Those findings, however, did not impact the sentence Judge Clevert imposed, because the government argued, and the presentence writer agreed, that the defendant qualified as a career offender under U.S.S.G. §4B1.1. Id. at 2. Specifically, the defendant had convictions in Illinois for armed robbery and residential burglary. Green v. United States, 16-cv-502 at dkt. no. 9, p. 2. The defendant did not contest that these convictions qualified him as a career offender. United States v. Green, 11-cr-47, dkt. no. 90 at 2. The career offender enhancement increased the defendant's offense level to 29, and his criminal

history category to VI, with a resulting sentencing range of 151 to 188 months. Id. Judge Clevert imposed a below-guidelines sentence of 120 months. Id., Dkt. No. 97 (criminal judgment, signed October 5, 2011).

Four years and six months later, the petitioner filed his motion under §2255. Green v. United States, 16-cv-502, dkt. no. 1. He pointed out that in 2015, the Supreme Court had decided Johnson v. United States, in which it held that the residual clause in the Armed Career Criminal Act was unconstitutionally vague. Id. at 1; see Johnson v. United States, 135 S. Ct. 2551 (2015). He argued that one of his predicate career offender convictions fell under the residual clause, and he asked the court to appoint counsel to help him flesh out that argument. Id. The court believes that the defendant was referring to his 2007 conviction in Lake County, Illinois for residential burglary.

The government now has filed a response, agreeing with the petitioner that, given changes in federal law in the last three to four years, the defendant no longer qualifies as a career offender. The court agrees.

The Johnson decision found that the residual clause of the *Armed Career Criminal* statute was unconstitutionally vague. The petitioner's sentence wasn't enhanced under the Armed Career Criminal statute; it was enhanced under the career offender guideline, U.S.S.G. §4B1.1. The career offender guideline states that if a defendant was at least eighteen years old at the time he committed the federal offense of conviction, the federal offense of conviction was a felony that was either a crime of violence or a controlled substance offense, and the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense," the defendant qualifies as a career offender,

and the court must enhance his sentence. U.S.S.G. §4B1.1(a). Section 4B1.2(a) defines "crime of violence" for the purposes of determining whether a defendant's prior convictions count under the career offender guideline. Section 4B1.2(a)(2) includes in the definition of "crime of violence" a crime that "is burglary of a dwelling . . . ."

As the government notes in its response, in 2010, the United States Supreme Court held in Taylor v. United States, 495 U.S. 575, 598 (1990) that "burglary" (under the Armed Career Criminal Act's definition of "crime of violence") meant burglary which "contain[ed] at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Three years later, the Court decided Descamps v. United States, 133 S. Ct. 2276 (2013). In Descamps, the court considered whether a defendant who had a prior conviction for burglary under California's burglary statute qualified as an armed career criminal. The court concluded that a conviction under California's burglary statute did not qualify as a "crime of violence" under the ACCA, because the California burglary statute did not include the element of unlawful breaking or entering—an element of the "generic" burglary definition the Court had discussed in Taylor. Descamps, 133 S. Ct. at 2285-86. Finally, in 2016, the Supreme Court concluded that a conviction for burglary under Iowa's burglary statute was not a "crime of violence" for ACCA purposes, because while the Taylor definition of "generic" burglary required breaking and entering into buildings or other structures, Iowa's burglary statute also included breaking and entering vehicles. Mathis v. United States, 136 S. Ct. 2243, 2250-51 (2016). Like the

4

California statute in Descamps, Iowa's burglary statute was broader than the "generic" definition of burglary in Taylor, and so a conviction under that statute did not qualify as a "crime of violence" for the purposes of enhancing a sentence under the ACCA. The Seventh Circuit, as the government points out, followed this same reasoning in United States v. Edwards, 836 F.3d 831, 837 (7th Cir. 2016), when it found that a conviction under Wisconsin's burglary statute did not qualify as a crime of violence under the career offender guideline's definition, because Wisconsin's burglary statute included breaking into railroad cars and ships.

As noted earlier, one of the predicate convictions that caused the petitioner to be classified as a career offender was a 2007 conviction for residential burglary under Illinois law. The government explains that at the time the petitioner was convicted of that crime, 720 ILCS 5/19-3 was the applicable burglary statute. Dkt. No. 9 at 5. That statute defined burglary as unlawful entry into a "dwelling." 720 ILCS 5/2-6. But its reference to "other living quarters" also incorporated 720 ILCS 5/19-1, which covered under the definition of burglary unlawful entry into housetrailers, watercraft, aircraft, cars and railroad cars. Id. (citing United States v. Haney, 840 F.3d 472 (7th Cir. 2016). Thus, the government indicates, the Illinois burglary statute—like the Iowa statute in Mathis and the Wisconsin statute in Edwards—is broader than the "generic burglary" statute referenced in Taylor. Because a defendant could be convicted of "residential burglary" under the Illinois statute without ever entering a residence or building, the government agrees, a conviction

5

under the Illinois residential burglary statute cannot serve as a predicate for career offender enhancement under U.S.S.G. §4B1.1.

The court finds that the petitioner should not have had his sentence enhanced under the career offender guideline, because he had only one—not two—"crimes of violence" prior to his conviction on the federal charges. As the court indicated above, if the petitioner had not been classified as a career offender, his adjusted offense level[1] would have been 17—a base offense level of 20 (for having between 40 and 60 grams of heroin, pursuant to U.S.S.G. §2D1.1(c)(9), minus three levels for acceptance of responsibility under U.S.S.G. §3E1.1(a) (pursuant to paragraph 17 of the plea agreement) and §3E1.1(b) (pursuant to paragraph 17 of the plea agreement, plus the fact that the defendant's adjusted offense level was greater than 16)). The petitioner's criminal history category, had he not been classified as a career offender, would have been category V, because he had eleven (11) criminal history points. Level 17 in criminal history category V yields, under the 2010 Guidelines Manual, a sentencing range of 46 to 57 months, or three years and ten months to four years and nine months.

Judge Clevert sentenced the defendant on September 16, 2011. United States v. Green, Case No. 11-cv-47, dkt. no. 90. He signed the judgment on October 5, 2011. Id. at dkt. no. 97. As of the date the court writes this order, it has been 2,204 days since Magistrate Judge Gorence ordered the petitioner detained—six years, twelve days. It has been 1,977 days since the sentencing

---

[1] The court takes all the following guidelines calculations from the 2010 version of the Sentencing Guidelines Manual, which applied to the petitioner at the time of his October 2011 sentencing.

6

date—five years, four months and twenty-eight days. It has been 1,958 days since the date Judge Clevert signed the judgment—five years, four months, and eight days. The high end of the applicable guideline range is fifty-seven months—four years and nine months (and Judge Clevert sentenced the petitioner below the applicable guideline range). The petitioner has been in custody for over six years, and was sentenced over five years ago. The court finds that the petitioner has served his time, and will issue an amended judgment immediately that will reflect a sentence of time served.

The court **GRANTS** the petitioner's motion to vacate, correct or set aside sentence. Green v. United States, Case No. 16-cv-502, Dkt. No. 1. The court **ORDERS** that the career offender enhancement does not apply to the sentence imposed in United States v. Green, Case No. 11-cr-47. The court **ORDERS** that the petitioner's sentence in United States v. Green, Case No. 11-cr-47, is **REDUCED** to time served. The court will issue an amended judgment immediately.

Dated in Milwaukee, Wisconsin this 13th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge